**Joe C. BURGIN, Plaintiff,**

v.

**La POINTE MACHINE TOOL CO., Stavely Tools, Inc., Rossbank, Inc., Hudson Broach, Inc. and La Pointe Hudson Broach, Inc., Defendants.**

**Civ. A. No. 6:94–2221–20.**

United States District Court,
D. South Carolina,
Greenville Division.

April 21, 1995.

---

William A. Jordan, Nelson & Jordan, Greenville, SC, for plaintiff.

Floyd Matlock Elliott, Greenville, SC, for La Pointe Hudson Broach, Inc.

Robert P. Foster, Greenville, SC, for La Pointe Mach. Tool Co. and Hudson Broach, Inc.

## ORDER

HERLONG, District Judge.

This matter is before the court on the motions of defendants La Pointe Hudson Broach, Inc. ("LHB") and La Pointe Machine Tool Co. ("LMT") for summary judgment, and on motions to compel [1] filed by the plaintiff, Joe C. Burgin ("Burgin"). Burgin originally filed this product liability action against defendant LHB in state court. LHB removed the case to federal court. Subsequent amendments to the complaint added the other defendants.

■ Defendant LHB has moved for summary judgment on the ground that it did not manufacture the machine that caused Burgin's injury. Burgin counters that summary judgment would be premature at this time, as he has not had sufficient opportunity to conduct discovery with LHB to oppose LHB's motion for summary judgment. (*See* Jordan Aff. ¶ 4); Fed.R.Civ.P. 56(f). Rule 56 provides:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for rea-

---

1. The plaintiff has filed four motions to compel. Two of these motions deal with the same discovery requests. Burgin originally moved to compel LHB's responses to interrogatories and requests to produce served September 8, 1994. The rec- ord indicates that LHB has responded to the discovery requests. Burgin has now moved to compel LHB to answer more fully. The earlier motion to compel is therefore dismissed as moot.

sons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f). Accordingly, the court grants Burgin thirty (30) days to engage in discovery and to file a supplemental memorandum with supporting affidavits or other documents necessary to oppose LHB's motion for summary judgment. In this regard, Burgin's motion to compel complete responses by LHB to the interrogatories and requests to produce served September 8, 1994, is hereby granted.

Defendant LMT has also filed a motion for summary judgment. It contends that Burgin's claim against it is barred by the South Carolina statute of limitations for personal injury actions, which is three years. *See* S.C.Code Ann. §§ 15–3–20, –530 (Law.Co-op.1976 & Supp.1994). Burgin's cause of action accrued when he was injured on August 23, 1991. He filed this action in state court on July 27, 1994. LHB filed its answer and notice of removal on August 19, 1994. After learning from LHB's counsel that other corporations might be liable for Burgin's injury, Burgin immediately filed on August 23, 1994—the day the statute of limitations ran—a motion for leave to amend his complaint, seeking to add LMT and Hudson Broach, Inc. as defendants. He also presented a proposed amended complaint, but due to the procedures followed by the clerk of court, the proposed amended complaint was not stamped as filed until after the court granted leave. The record indicates that Burgin filed the amended complaint on September 29, 1994.

■ Both Burgin and LMT assert that whether Burgin commenced the action against LMT within the limitations period is governed by Rule 3 of the Federal Rules of Civil Procedure, which provides, "A civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. 3. However, in determining when an action is commenced for the purpose of tolling the statute of limitations, federal courts sitting in diversity must follow state law. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). Rule 3 of the South Carolina Rules of Civil Procedure provides, "A civil action is commenced by filing *and service* of a summons and complaint." Rule 3(a), SCRCP (emphasis added).[2] Burgin clearly did not serve LMT within the limitations period.

■ Burgin argues, however, that the amended complaint should relate back to the date of the original pleading pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. In determining whether an amendment relates back, the federal rule, rather than state law, applies.[3] *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 611 (4th Cir.), *cert. dismissed*, 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980); 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1503 (2d ed. 1990). Federal Rule 15(c), which was amended in 1991, allows an amendment of a pleading that changes a party to relate back to the date of the original pleading when certain requirements are met. First, the claim asserted in the amended pleading must arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Fed.R.Civ.P. 15(c)(3) (incorporating the requirement of 15(c)(2)). That requirement is met in this case. Next, the party to be brought in by the amendment, within 120 days of the original pleading, (1)

**2.** A former South Carolina statute provided that an action is commenced as to each defendant when the summons is served on him. *See* S.C.Code Ann. § 15–3–10 (Law.Co-op.1976) (repealed 1985). Section 1 of the act repealing § 15–3–10 provided that "it is the intent of the General Assembly to repeal provisions of the 1976 Code of Laws of South Carolina, to be replaced by the Rules of Civil Procedure." 1985 S.C.Acts 100 § 1.

**3.** Rule 15(c)(1) would allow the amendment to relate back if relation back would be permitted under South Carolina law. *See* Fed.R.Civ.P. 15(c)(1) advisory committee's note. The court notes that Federal Rule 15(c) and South Carolina Rule 15(c) impose similar requirements for relation back; thus, the result would likely be the same under either rule.

must have received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) must have known or should have known that, but for the mistake concerning the identity of the proper party, the action would have been brought against the party. *See* Fed.R.Civ.P. 15(c)(3)(A)–(B); *Wilson v. United States,* 23 F.3d 559, 562–63 (1st Cir.1994). Burgin and LMT dispute whether these requirements are met.

LMT clearly had notice of the institution of the action within 120 days of the original pleading, filed July 27, 1994, as the amended complaint was served upon LMT on October 31, 1994. (*See* Foster Aff. Ex. A.) Accordingly, the court finds that the requirement of Rule 15(c)(3)(A) is met.

The third requirement for relation back is that the added party must have known or should have known that, but for the mistake concerning the identity of the proper party, the action would have been brought against the party. The Fourth Circuit, construing the same language in an older version of Rule 15(c), has ruled that this requirement presupposes a mistake regarding the identity of the proper party, and does not permit relation back where there is a " 'lack of knowledge of the proper party.' " *See Western Contracting Corp. v. Bechtel Corp.,* 885 F.2d 1196, 1201 (4th Cir.1989) (quoting *Wood v. Worachek,* 618 F.2d 1225, 1230 (7th Cir. 1980)).[4] Other circuits, construing the current version of Rule 15(c), have reached the same conclusion. *See Wilson v. United States,* 23 F.3d 559, 563 (1st Cir.1994); *Worthington v. Wilson,* 8 F.3d 1253, 1256 (7th Cir.1993).

> [A]mendment with relation back is generally permitted in order to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued. But a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run.

*Worthington,* 8 F.3d at 1256 (quoting *Wood v. Worachek,* 618 F.2d 1225, 1229 (7th Cir. 1980)). In *Wilson,* the First Circuit found that Rule 15(c) did not apply because

> there was no "mistake concerning the identity of the proper party," as required by Rule 15(c)(3). Rather, Wilson merely lacked knowledge of the proper party. In other words, Wilson fully intended to sue [the original defendant], he did so, and [the original defendant] turned out to be the wrong party. We have no doubt that Rule 15(c) is not designed to remedy such mistakes.

*Wilson,* 23 F.3d at 563.

■ In light of these cases, the court concludes that Burgin's amendment adding LMT does not relate back to the original pleading. Burgin intended to sue LHB, and did so. This is not a case of misnomer. Burgin simply lacked knowledge that LMT was a proper defendant in this case. Under *Western Contracting,* that lack of knowledge does not constitute a "mistake concerning the identity of the proper party." Therefore, Burgin fails to meet the requirement of Rule 15(c)(3)(B). For that reason, his claim against LMT is barred by the statute of limitations, and LMT's motion for summary judgment is therefore granted. Accordingly, Burgin's motion to compel responses to discovery served on LMT is dismissed as moot.

■ Burgin also has pending before the court a motion to compel General Electric Company, Burgin's employer and a nonparty, to comply with a subpoena duces tecum. General Electric has filed neither a response to the motion to compel nor a motion to quash the subpoena under Rule 45. Accordingly, Burgin's motion to compel General Electric to produce for inspection the documents specified in the subpoena is hereby granted.

For the foregoing reasons, it is

**ORDERED** that Burgin is granted thirty (30) days to engage in discovery and to file a supplemental memorandum with supporting affidavits or other documents necessary to

---

**4.** Although this issue is not raised by LMT, the court is required to follow Fourth Circuit precedent.

oppose LHB's motion for summary judgment. It is further

**ORDERED** that Burgin's motion to compel LHB to respond more fully to the interrogatories and requests to produce served September 8, 1994, is hereby granted. It is further

**ORDERED** that LMT's motion for summary judgment is hereby granted. It is further

**ORDERED** that Burgin's motion to compel responses to discovery requests served upon LMT is hereby dismissed. It is further

**ORDERED** that Burgin's motion to compel General Electric Company to comply with the subpoena dated October 26, 1994, is hereby granted.

**IT IS SO ORDERED.**