USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1541  NINA SUNDEL, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ ____________________ Before Selya, Stahl and Lynch, Circuit Judges. ______________ ____________________ Steven L. Kessler and Geoffrey Q. Ralls on brief for appellant. _________________ _________________ Sheldon Whitehouse, United States Attorney, and Michael P. ___________________ ___________ Iannotti, Assistant United States Attorney, on brief for appellee. ________ ____________________ October 5 , 1995 ____________________ Per Curiam. We affirm the order of the district court __________ dismissing the claims of plaintiff/appellant Nina Sundel essentially for the reasons given by the magistrate judge in his report and recommendation, dated December 7, 1994. We also deny Sundel's request that she be allowed to amend her complaint on appeal.  First, having elected not to amend her complaint as of right before the district court, Sundel now must show that her case fits into the "long-odds exception" to the general rule that failure to seek amendment below bars relief on appeal. Dartmouth Review v. Dartmouth College, 889 F.2d 13, _________________ _________________ 23 (1st Cir. 1989). The only special circumstance facing Sundel below was her pro se status. However, "pro se status ___ __ ___ __ [does not] absolve [a litigant] from compliance with the Federal Rules of Procedure." United States v. Heller, 957 _____________ ______ F.2d 26, 31 (1st Cir. 1992) (quoting Feinstein v. Moses, 951 _________ _____ F.2d 16, 21 (1st Cir. 1991)). Therefore, once the magistrate judge recommended that Sundel's Bivens claims be dismissed ______ because of "failure to make specific allegations against individual defendants," Sundel should have exercised her right to amend her pleadings, see Dartmouth Review, 889 F.2d ___ ________________ at 22 (plaintiff has right to amend pleading after motion to dismiss, because motion to dismiss is not a responsive pleading within the meaning of Rule 15), in order to add the necessary specific allegations. Nor can Sundel contend that -2- she was unaware of this information since she included specific allegations against individuals in her objection to the report and recommendation of the magistrate judge.  Second, allowing Sundel to amend her complaint would serve no purpose in this case. The only potentially viable claims arising out of the facts alleged in Sundel's complaint are the Bivens claims against individual officers of the ______ government. Since her original complaint was dismissed without prejudice to her filing such claims, she may still pursue any such actions via a properly filed new complaint.  On the other hand, if, as Sundel suggests, the statute of limitations has already run on her Bivens claims, allowing ______ her to amend her original complaint would still not overcome the time bar unless the amendment related back to her original complaint, pursuant to Fed. R. Civ. P. 15(c)(3). However, Rule 15(c) requires that, within 120 days of the filing of the original complaint, "the party to be brought in by amendment . . . [have] received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits." In the instant case, the record indicates that the individual government agents have never been served process nor otherwise been provided notice of the action. Absent timely notice, Rule 15(c)'s relation back provisions do not apply. Wilson v. United States, 23 F.3d 559, 563 (1st Cir. 1994) ______ ______________ -3- (quoting Rule 15(c)). Moreover, Rule 15(c) ordinarily applies only when "the proper defendant is already before the court and the effect is merely to correct the name under which he is sued. But a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run." Id. (quoting Worthington v. Wilson, 8 __ ___________ ______ F.3d 1253, 1256 (7th Cir. 1993)). Consequently, since the individual defendants were never before the district court, they cannot be added if the statute of limitations has now run. Affirmed. See 1st Cir. R. 27.1. ________ ___ -4-