O'Brien v. DeLucia, et al.        CV-97-544-B        02/19/99

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Douglas O'Brien

    v.                                    Civil No. 97-CV-544B

Jeffrey DeLucia,
Rocci DeLucia Sr.,
JoAnn DeLucia,
Frank DeLucia and Sons, Inc.,
The First Church of the Nazerene
of Nashua, New Hampshire,
and Birch Realty Trust


**O R D E R**

Douglas O'Brien brings this action against a group of Defendants, including the Birch Realty Trust ("the Trust"). The Trust now moves for summary judgment pursuant to Fed. R. Civ. P. 56, alleging O'Brien's claim against it is time barred. For the reasons set forth below, I grant the Trust's motion.


**FACTS**

O'Brien was walking by the Church of the Nazerene in Nashua, New Hampshire, on October 27, 1994, when a dog chained to a parked truck lunged at him, forcing him into the street where he was immediately struck by a passing car and seriously injured.

Jeffrey DeLucia, an employee of Frank DeLucia and Sons, Inc., had brought the dog to the site and chained it to one of his employer's trucks. Frank DeLucia and Sons was hired by the Trust to work on a construction project for the Church. The Trust served as the project's general contractor.

O'Brien filed this action on October 25, 1997, two days before the three-year statute of limitations that governed his claims expired. His original four-count complaint named as defendants: Jeffrey DeLucia; Jeffrey DeLucia's parents, Rocci DeLucia Sr. and JoAnn DeLucia; Frank DeLucia and Sons, Inc.; the First Church of the Nazerene; and "XYZ." The complaint stated that "XYZ" was the general contractor hired by the Church, but that it was a "business entity whose name, principal place of business and place of incorporation has yet to be identified." Count III of the complaint alleged that "XYZ" and the Church were negligent by breaching their duties to keep the site safe and to supervise the subcontractor and its employees.

Three months later, O'Brien moved to amend the complaint to substitute the Trust as a defendant in place of "XYZ." Magistrate Judge James Muirhead granted O'Brien leave to amend and he filed his amended complaint on February 3, 1998. The Trust was served with a summons and the complaint on March 4, 1998.

## DISCUSSION

The Trust argues that O'Brien's claim against it is barred by the statute of limitations.[1] I agree.

---

[1] The Trust moved for summary judgment on July 23, 1998, alleging that O'Brien's claim was time barred, and noting that he had knowledge of the Trust's involvement with the Church

O'Brien amended his complaint to add the Trust as a defendant more than three months after the relevant statute of limitations expired.  See N.H. R.S.A. 508:4 (1997)(personal actions must be filed within three years).  O'Brien makes a vague assertion that the statute of limitations should not bar his claim, noting that it was difficult to ascertain the identity of the Trust prior to filing suit.  Reading his argument generously, O'Brien may be invoking the so-called "discovery rule," which operates to stop the limitations clock from running until a plaintiff discovers his injury and its cause.  Alternatively, O'Brien's claim against the Trust may survive if it relates back to the date of the original complaint, bringing it within the statute of limitations.  Here, however, neither the discovery rule nor the relation-back doctrine operate to save O'Brien's claim.

To the extent O'Brien argues that the "discovery rule" should apply because he did not discover the Trust's involvement in the construction project until some time after his injury, his

_____

construction project prior to filing suit.  In an order dated September 8, 1998, I denied the Trust's motion.  I stated that the fact that O'Brien may have had some knowledge of the Trust's involvement did not bar him from naming a fictitious defendant and later substituting the Trust in its place.  I took no position at that time regarding the statute of limitations issue. The Trust filed the present motion on October 29, 1998.

argument has no merit. The New Hampshire Supreme Court has foreclosed the use of the discovery rule in such situations. See Glines v. Bruk, 140 N.H. 180, 181-82 (1995)(discovery rule applies only where plaintiff's injury and cause were not discovered or could not reasonably be discovered at the time of the complained-of act or omission). Here, O'Brien knew of both his injury and its cause on October 27, 1994, the date of his accident. See id. at 182. Thus, the statute of limitations began to run on the date of O'Brien's accident. See id.

Because the statute of limitations against the Trust began to run on the date of O'Brien's injury, the statute bars his claim against the Trust unless O'Brien can show that the claim should "relate back" to the date of the original complaint. See Wilson v. United States Government, 23 F.3d 559, 562 (1st Cir. 1994). Fed. R. Civ. P. 15(c)(3) governs whether an amendment changing the name of a defendant "relates back" to the date of the original complaint for statute of limitations purposes. See Wilson, 23 F.3d at 562; Fed. R. Civ. P. 15(c)(3). An amendment relates back when

> . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied

> and, within the period provided by Rule 4(m) for
> service of the summons and complaint, the party to be
> brought in by amendment (A) has received such notice of
> the institution of the action that the party will not
> be prejudiced in maintaining a defense on the merits,
> and (B) knew or should have known that, but for a
> mistake concerning the identity of the proper party,
> the action would have been brought against the party.

Fed. R. Civ. P. 15(c); see also LaBranche v. Continental Cablevision, 1994 WL 264016, *4-5 (D.N.H. 1994)(amended complaint related back where plaintiff mistakenly named division of corporation's subsidiary rather than corporation itself in original complaint).

Here, O'Brien amended his complaint to change the name of a party by substituting the Trust for the fictitious "XYZ." There was no "mistake concerning the identity of the proper party." Fed. R. Civ. P. 15(c)(3)(B); see also Wilson, 23 F.3d at 563. Rather, at the time he filed his complaint, O'Brien simply did not have enough evidence to ascertain the identity of the proper party. See Wilson, 23 F.3d at 563. This is not the situation Rule 15(c) was designed to address. See id. Thus, I find that O'Brien's amendment adding the Trust as a defendant does not relate back to the date of the original complaint.[2] As such,

_____

[2] Because all three of Fed. R. Civ. P. 15(c)(3)'s requirements must be met in order for O'Brien's claim against the Trust to relate back, the failure to satisfy one requirement makes it unnecessary for me to address the remaining

O'Brien's claim against the Trust is barred by the statute of limitations.

## **CONCLUSION**

For the foregoing reasons, I grant Defendant Birch Realty Trust's motion for summary judgment (document no. 43).

SO ORDERED.

_____
Paul Barbadoro
Chief Judge
    2/19/99


cc:   Jeffrey H. Karlin, Esq.
       Jennifer L. Murphy, Esq.
       Katherine A. Sheehan, Esq.

_____

requirements.