ON MOTION
GAJARSA, Circuit Judge.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss James S. Magdalen-ski’s appeal for lack of jurisdiction. Mag-dalenski opposes and requests permission to file a supplemental brief. Magdalenski submits a “Counter Motion” seeking “damages of $460,000 or greater.”
Magdalenski, the son of the deceased veteran, appealed to the United States Court of Appeals for Veterans Claims from *935 a February 24, 2000 decision of the Board of Veterans’ Appeals denying entitlement to accrued benefits based on a claim for compensation under 38 U.S.C. § 1151. The Court of Appeals for Veterans Claims concluded that the Board’s factual determinations did not constitute clear error and Magdalenski “failed to show he is entitled to accrued benefits.” The Court of Appeals for Veterans Claims elaborated:
Because the veteran did not demonstrate that he experienced any injury or aggravation of an injury that resulted in disability or death, the Court agrees that “there is a plausible basis in the record” to conclude that the veteran’s case did not warrant benefits.”
More importantly, the appellant [Mag-dalenski] does not warrant benefits, because the veteran’s death ended the claim, and because the appellant is not a proper claimant for accrued benefits. The veteran completed his appeal before he died. “[Veterans’ claims under chapter 11 (of the U.S.C.) do not survive their deaths.... ” It is true that certain parties may receive benefits to which the veteran was entitled at death.... To qualify, a child must be an unmarried individual who either is under 18; became incapable of self-support before reaching 18; or is between 18 and 23 and is “pursing a course of instruction at an approved educational institution.” .... The appellant, by his own admission, fits none of these categories.
The Court of Appeals for Veterans Claims affirmed the Board’s decision, rejecting Magdalenski’s contention “that the VA is essentially being ‘deceptive’ for treating this as an accrued benefits claim.” The Court of Appeals for Veterans claims stated:
[T]his is clearly a claim for accrued benefits. This appeal originated when the appellant filed the [application for accrued benefits]. Also, the appellant’s representative, in the appellant’s presence, asserted that this case is to adjudicate the appellant’s claims regarding “entitlement to approved benefits based on the veteran’s claim for compensation under the provisions of 38 U.S.C. § 1151.”.... The appellant cannot, at this point, assert that his claim is something other than the claim for accrued benefits decided by the Board on February 24, 2000.
Magdelenski appealed. In his informal brief, numerous papers and correspondence, Magdalenski alleges that this court should award him the damages his father, the deceased veteran, sought in a Federal Tort Claims Act (FTCA) complaint, which was dismissed based on the statute of limitations. See Magdalenski v. United States Government, 977 F.Supp. 66 (D.Mass. 1997). He also asks this court to direct the Department of Veterans Affairs to reopen a wrongful death claim he filed under the FTCA, which previously settled. In general, Magdalenski states “[t]he nature of the case is the violations of Constitutional procedural due process and the violation of the Freedom of Information Act (FOIA) of my father’s Medical Malpractice, along with his Federal Tort claim.”
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). The statute provides that a party may obtain a review of a Court of Appeals for Veterans Claims’ decision with respect to the validity of the decision on a rule of law or of any statute or regulation “or any interpretation thereof (other than a determination as to a factual matter).” 38 U.S.C. § 7292(a). The statute further dictates that this court “may not review (A) a challenge to a factual determination, or (B) a challenge to a *936 law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
The Board decision from which Magdal-enski appealed dealt only with the issue of Magdalenski’s entitlement to accrued benefits and the Court of Appeals for Veterans Claims therefore limited its review to such matters. Magdalenski’s arguments fail to address any reviewable issue concerning entitlement to accrued benefits and do not otherwise invoke this court’s jurisdiction. The Court of Appeals for Veterans Claims’ factual determinations pertaining to entitlement to accrued benefits and application of the law governing accrued benefits to the facts of this ease are not within our jurisdiction. 38 U.S.C. § 7292(d)(2). Because our review is limited to the Court of Appeals for Veterans Claims’ decision, we cannot consider issues pertaining to extraneous proceedings. Therefore, Magdalenski’s appeal is not within this court’s jurisdiction.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Magdalenski’s “counter motion” is denied.
(4) Magdalenski’s motion to file a supplemental brief is moot.
(5) Each side shall bear its own costs.